

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
DEC - 7 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In Re:

NATHAN WARREN LONG

CHRISTINA LYNETTE LONG

Debtors'

Case No. 2011-44613
Hearing Date: January 24, 2012
Hearing Time: 9:32am
Courtroom 32 - Dept B
The Honorable Thomas C Holman
Docket Control No.: CMG-001

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS

Christine Galves Angle Law Of Sacramento, on behalf of Nathan Warren Long and Christina Lynette Long, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on October 14, 2011. Kimberly Husted was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtors operate a business. Said business is located at 1039 Q Street Rio Linda, CA.

3. The Debtors' tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedules A and B (see exhibit #1 attached hereto). The business assets in this case consist of tools of the trade, and vehicles. The Debtors have placed values on these assets in the aggregate total of $19,100.00.

4. As shown in Schedule C (see exhibit #1 attached hereto), the Debtors have claimed exemptions totaling $19,100.00 against the values of the BUSINESS ASSETS.

Motion to Compel Abandonment of Business       1

5. The Debtors assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors.

6. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

7. However, the Debtors assert that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

8. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

///

## CERTIFICATION

I, Christine Galves, hereby certify under penalty of perjury that I have read the foregoing Motion for Order Compelling Abandonment Of The Estate's Interest In Debtors' Business. I

further certify that the contents thereof are true and correct to the best of my knowledge and belief. Executed on December 7, 2011.

> _/s/ Christine Galves_
> Christine Galves
> Angel Law of Sacramento